# DAVIS *v.* KNOXVILLE.

## (*Knoxville.*    October 17, 1891.)

1. MUNICIPAL CORPORATIONS.    *Not liable for damages, when.*

   Municipal corporations, being mere arms of the State invested with a portion of the sovereign power for purposes of local government, are not subject to suit, in the absence of express statute permitting it, for damages resulting from acts of its officers and agents, however negligent or tortious, done in the exercise of the general governmental and public powers and functions of the municipality.

   Cases cited and approved: Pesterfield *v.* Vickers, 3 Cold., 205; Memphis *v.* Lasser, 9 Hum., 755; Memphis *v.* Kimbrough, 12 Heis., 133; Nashville *v.* Brown, 9 Heis., 6; 26 Am. Rep., 260; 36 *Id.*, 1; 38 *Id.*, 791; 31 Ala., 469; 17 Gratt., 375.

2. SAME.    *Same.    Case in judgment.*

   Davis, while confined in the city calaboose for drunkenness, was assaulted and beaten by a fellow-prisoner. He sued the city for damages, averring negligence, in that the city had not provided separate accommodations or more vigilant officers, and thus saved him from injury.

   *Held:* The city is not liable, although there may have been negligence in the respects indicated.

---

### FROM KNOX.

---

Appeal in error from Circuit Court of Knox County.    A. G. HOWE, Sp. J.

D. A. GAUT and E. F. MYNATT for Davis.

J. W. CALDWELL, City Attorney, for Knoxville.

LURTON, J. Appellant Davis sued the city of Knoxville to recover damages for an assault made on him while confined in the city calaboose on a charge of drunkenness, by prisoners confined with him in the same room. The case was submitted to a jury, who, under a very perspicuous charge by special Judge Howe, returned a verdict for the defendant.

The negligence charged may be summarized as follows:

*First.*—That the city calaboose was not sufficiently commodious to permit a separation of prisoners with some regard to character of inmates and grade of offense.

*Second.*—That there were three rooms in the calaboose, two of which were unoccupied, and that under these circumstances it was negligence to confine him with other prisoners, some of whom were known to the officer locking him up to be turbulent characters.

*Third.*—That it was negligence not to prescribe and enforce the separation of prisoners known to be violent and quarrelsome from others of a different character.

*Fourth.*—That the city watchman in charge of this place of detention was negligent in not being where he could hear the outcry of plaintiff when assaulted, and that he did not come to his relief.

*Fifth.*—That it was negligence not to so locate its watchman that he might readily hear a disturbance among the persons confined and promptly command the peace.

The learned Circuit Judge charged the jury, in substance, that the city would not be liable for the negligence of its police officers nor that of its watchman at the calaboose. He refused to charge several propositions holding the defendant liable for the acts of negligence we have endeavored to summarize.

Municipal corporations, such as counties, cities, and town, are arms of the State, to whom has been delegated, for purposes of local government, a portion of the sovereign power of the State. Such corporations can only act through agents, and, as they are but arms of sovereignty, the principle of *respondeat superior* does not apply. But when such corporation exists by virtue of a charter, general or special, limiting its powers and prescribing duties, it impliedly contracts to carry out the prescribed purposes of its creation; and if its agents or servants are guilty of negligence while in the discharge of corporate duties which are for the peculiar benefit of the corporation in its local or special interest, an action will lie against the municipality, the maxim of *respondeat superior* applying. *Mayor, etc., of Memphis* v. *Lasser*, 9 Hum., 755; *Mayor, etc., of Nashville* v. *Brown*, 9 Heis., 6; *Memphis* v. *Kimbrough*, 12 Heis., 133.

But in so far as purely governmental powers

are conferred, and in respect to the administration of the general law of the State, and in respect to all duties which are essentially public and not local and special, they are deemed to be agencies of the sovereign power, and not subject to be sued for the torts of their agents or officers unless by statute an action is given.

This is the principle on which the case of *Pesterfield* v. *Vickers* rests, wherein it was held that the city of Knoxville was not liable for the worngful and tortious conduct of one of its police officers. 3 Cold., 205; Dillon Municipal Corp., Vol. II., Secs. 772, 773; *Pollock* v. *Louisville*, 26 Am. Rep., 260; *Tramwell* v. *Russellville*, 36 Am. Rep., 1 (S. C., 34 Ark., 105); *McElroy* v. *Albany*, 38 Am. Rep., 791 (S. C., 65 Ga., 387); *Dorgan* v. *Mobile*, 31 Ala., 469; *Richmond* v. *Long*, 17 Gratt., 375.

However difficult it may be in some instances to determine whether a particular act or duty falls within the general governmental or public powers of the corporation, or pertains to its purely local and special side, yet in the case under consideration there can be no doubt but that the acts complained of fall within the general or public functions of the city of Knoxville. The preservation of order, the maintenance of sobriety, the arrest and detention of violators of the general law of the State is not for the local and private benefit of the corporation. It draws no private emolument from the enforcement of ordinances

carrying out the general policy of the State, and in the exercise of the power incident to all these matters it is but an agency of the State, and its officers, in effect, officers of the State. Its discretion as to the character of its jail cannot be controlled by judgments holding it liable for negligence, if in the opinion of a jury it is not sufficiently commodious or properly arranged. Neither is it liable for the negligence of its jailer in detention of its prisoners, or the torts of its officers in making arrests. For such negligence the injured party must look to the wrong-doer, and to an intelligent public sentiment, to remedy the evils which too often characterize the average city government. There was no error in the action of the Circuit Judge of which plaintiff can complain.

Judgment affirmed.