EMMA JANE COMBS *v.* CITY OF ELIZABETHTON.

(*Knoxville,* September Term, 1930.)

Opinion filed October 11, 1930. Petition to rehear denied November 28, 1930.

Seiler & Hunter, for plaintiff in error.

Sherman Grindstaff, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a damage suit, dismissed on demurrer, and the plaintiff has appealed.

The substance of the declaration is that a policeman and agent of the City of Elizabethton stopped the car in which the plaintiff was riding with her husband "and alleged that her said husband was drunk or drinking and advised that he would take said husband to jail;" that she remonstrated and that the policeman slapped her in the face with his hand and took her to jail where she remained the remainder of the day, that night, and was released the next morning without any charge being preferred against her; that by reason of said assault she was injured physically and suffered pain and anguish and that she suffered humiliation and injury to her character as result of being detained in the city jail. It is further averred in the declaration that the City of Elizabethton had actual knowledge of the fact that the said policeman had on previous occasions assaulted other parties while acting as an employee of said city.

The declaration fairly construed is merely a charge of violence on the part of a police officer of Elizabethton in undertaking to arrest the husband of the plaintiff and in arresting the plaintiff herself. It has been settled in this State since *Pesterfield* v. *Vickers,* 43 Tenn. (3 Cold.),

205, that a municipal corporation was not liable for such acts of a policeman in making an arrest. The cases are reviewed and the question fully discussed in *Chavin* v. *Nashville*, 1 Hig., 317.

In *Davis* v. *Knoxville*, 90 Tenn., 599, this court said:

"But in so far as purely governmental powers are conferred, and in respect to the administration of the general law of the State, and in respect to all duties which are essentially public and not local and special, they are deemed to be agencies of the sovereign power, and not subject to be sued for the torts of their agents or officers unless by statute an action is given.

. . . .

". . . The preservation of order, the maintenance of sobriety, the arrest and detention of violators of the general law of the State is not for the local and private benefit of the corporation. It draws no· private emolument from the enforcement of ordinances carrying out the general policy of the State, and in the exercise of the power incident to all these matters it is but an agency of the State, its officers, in effect, officers of the State."

█ It is suggested that a municipality does draw emolument from the enforcement of its ordinances in the collection of fines and that for this reason the arrest of offenders should be treated as the prosecution of a corporate rather than a governmental function. The assessment of such fines, however, is by way of punishing the transgressor—a means of enforcing the law. Money gain derived from the fines is purely incidental.

█ It is sought to take this case out of the authority of those just referred to by reason of the allegation in the declaration that the City of Elizabethton had actual knowledge that this particular policeman was of a violent character and had previously assaulted divers persons.

This, however, is merely a charge of negligence against the city in the matter of selecting its agents for carrying out its laws. Choosing such agents for enforcement of its public laws is clearly a governmental function and a municipality could not be held liable for negligence about such matter.

There is nothing in the declaration from which a ratification by the municipality of an unlawful act of its agent could be inferred and *Johnson City* v. *Wolfe,* 103 Tenn., 277, is not in point.

The judgment must be affirmed.