SHERMAN et al. v. CITY OF PICHER et al.

No. 33050.    March 29, 1949.

*204 P. 2d 535.*

A. L. Commons and Jack C. Brown, both of Miami, for plaintiffs in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, and Lester Hilliard, City Atty., of Picher, for defendants in error.

LUTTRELL, J.    This action was commenced by Joe Sherman, a resident and taxpayer of the city of Picher, for himself and on behalf of others similarly situated, against the city of Picher, the city officials and others, to enjoin the enforcement of a parking meter ordinance theretofore adopted by the city, and the installation of meters under said ordinance, and to cancel a purchase contract for parking meters entered into by the city officials pursuant to authority granted them in the ordinance.    The trial court sustained a demurrer to plaintiff's third amended petition, and plaintiff appeals.

The ordinance was passed and approved on May 23, 1946, and provided for the purchase, installation and operation of parking meters upon certain streets of the city; provided for the regulation of parking in such areas, and further provided penalties for the violation of the ordinance and declared an emergency.    The ordinance was duly published and approved. Thereafter, on June 10, 1946, the city officials, pursuant to authority given them by the ordinance, entered into a contract with defendant M. H. Rhodes, Inc., for the purchase of parking meters and the installation thereof on the designated streets in the city.    This action was commenced August 6, 1946.

Plaintiff makes three contentions in his brief, which will be considered and disposed of in order.

Plaintiff's first contention is that the record of the meeting of the city council on May 23, 1946, shows on its face that the council failed to read or consider said ordinance section by section as required by statute, and that for this reason the ordinance is invalid and void. They say that the governing statute, 11 O.S. 1941 Supp. 1947 §580, S. L. 1943, ch. 14, §2, p. 32, should be strictly complied with, and that the failure of the city clerk to show on his journal that the ordinance was considered section by section renders the ordinance invalid. We are unable to agree with this contention.

Section 580, supra, so far as it imposes the duty of recording the vote of the council by the city clerk, is the same as 11 O.S. 1941 §580, which was amended in other respects by S. L. 1943, §2, ch. 14, p. 32. A similar contention was made under the previous law in Crosslin v. Warner-Quinlan Asphalt Co., 71 Okla. 286, 177 P. 376. In that case, considering such contention, we said:

"Section 822, Comp. L. 1909, being section 553, R. L. 1910, (11 O.S. 1941, section 580) and section 824, Comp. L. 1909, being section 554, R. L. 1910 (11 O.S. 1941, section 581) making it the duty of the clerk to keep the journal and to enter therein the yea and nay vote on the final passage of ordinances, are directory, and the failure of the city clerk so to do does not invalidate such ordinance. Marth v. City of Kingfisher, 22 Okla. 602, 98 P. 436, 18 L.R.A. (N.S.) 1238; Rogers, Co. Treas., v. Bass & Harbour Co., 64 Okla. 321, 168 P. 212."

This is the general rule. 43 C. J. p. 538, §837; 37 Am. Jur. p. 766, §154.

Plaintiff relies upon Gas Service Co. v. Consolidated Gas Utilities Corp., 145 Kan. 423, 65 P. 2d 584. But in that case it appears to be uncontroverted that the resolutions held invalid were not passed with the formalities required by the governing law. In the instant case the record of the minutes of the council meeting of May 23, 1946, does not disclose affirmatively that the ordinance was not read and considered section by section, and in the absence of such affirmative showing in the record it will be presumed to have been passed in accordance with the law.

Plaintiff's second contention is that the city ordinance, and the contract for the purchase of the parking meters entered into in pursuance thereof, binds the municipality beyond the terms of the officers and city council then in office and is therefore invalid. Under this contention he points out that the ordinance provides a six month testing period, at the end of which the contract for the purchase of the meters may be canceled, and if not canceled at that time shall remain in full force until the meters are paid for in full. But in his pleading he nowhere asserts that the income appropriated to the parking meters will not be sufficient to pay the purchase price in full during the tenure in office of the present officers and city council. Further, the contract for the purchase of the meters provides that upon failure or refusal of the city to enforce the ordinance and protect the meters in their operation, or its failure to perform all obligations imposed upon it under the contract, the seller has the right to retake possession of the meters, retaining the amount theretofore paid on the purchase price as liquidated damages. Obviously any future city council desiring to disaffirm the contract could either repeal the ordinance or refuse to enforce it, in which event the removal of the meters by the owner would be his sole remedy. This, in our judgment, conclusively shows that the ordinance was not binding upon future city officials.

For his third and last contention plaintiff asserts that the lands upon which the streets of the city are laid out belong to restricted Indians, and that no permission has been given by the Department of the Interior to the state or city to have such lands platted and dedicated as streets, and that there-

fore jurisdiction over the streets would remain in the Department of the Interior. In support of this contention he relies upon Siegenthaler v. Newton, 174 Okla. 216, 50 P. 2d 192, holding that a statutory dedication of land for public use, or common law dedication thereof, is necessary in laying out streets and alleys in a proposed town. That case, however, does not involve streets laid out upon restricted Indian lands.

We are of the opinion that plaintiff may not question the right of the city of Picher to regulate the use of its streets in any lawful manner, even though its occupancy thereof is only permissive.

In Ex parte Duncan, 179 Okla. 355, 65 P. 2d 1015, we held that an ordinance providing for parking meters in Oklahoma City was a valid exercise of the police power of the city as a part of its general rules for the regulation of its streets, and that it did not require a fee for the free use of the streets in violation of the statute. Since the city of Picher is actually occupying and using the streets, it has authority to regulate traffic thereon, including parking, in any valid way, regardless of the fact that its easement is only permissive, and the owners would be the only persons who could assert that such regulations constituted an improper use of their land by the city.

Judgment affirmed.

DAVISON, C.J., and HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and WELCH, CORN, and GIBSON, JJ., dissent.