**William D. WHITE, Plaintiff in Error,**

v.

**CITY OF LAWTON, Oklahoma, a municipal corporation, Defendant in Error.**

**No. 39360.**

Supreme Court of Oklahoma.

Dec. 5, 1961.

Rehearing Denied July 3, 1962.

John W. Tyree, Lawton, Howard K. Berry and Milton R. Elliott, Oklahoma City, for plaintiff in error.

Bledsoe, Nicklas & Chrisman, by Warren F. Chrisman, Lawton, for defendant in error.

DAVISON, Justice.

This is an appeal by William D. White (plaintiff) from an order of the lower court sustaining the demurrer of City of Lawton, Oklahoma, (defendant) to plaintiff's amended petition and dismissing plaintiff's action. The parties will be referred to as they appeared below.

Plaintiff instituted this action to recover compensatory damages for personal injuries suffered when he fell from defendant's truck.

The pertinent allegations of plaintiff's amended petition were that he was an employee of the police department of the defendant and immediately prior to the injuries was directed by a police inspector "to assist with the repainting and marking of the traffic meter parking spaces;" that pursuant to such instructions plaintiff went with another employee of defendant "and foreman of a crew repainting lines for parking automobiles at meters, to do the work directed and required by" defend-

ant; that he was riding on the running board on the right side of a pickup truck used by the defendant "in the repainting of certain lines between parking meter spaces, adjacent to the curbings in the downtown portion of Lawton, when he was thrown off and against the pavement;" that without warning the truck suddenly swerved to the left, causing plaintiff to be thrown off and to fall on his back and head.

The lower court sustained the demurrer on the ground that the amended petition affirmatively disclosed that the employees of defendant were performing a governmental function at the time of the accident. Plaintiff has appealed to this court.

Plaintiff contends that the activity of repainting lines on the street between parking meter spaces is a ministerial or corporate function of defendant even though such activity relates to the performance of a governmental function and defendant is liable for the injuries to plaintiff. We understand plaintiff's position to be, that conceding the initial action of authorizing the placing of the parking meters and lines was governmental, the subsequent maintenance thereof was a ministerial or corporate activity, and defendant was liable for negligence in the performance of the latter activity.

■ It is fundamental that a city has two classes of powers. One class is governmental and in the exercise of this function the city is not liable for the negligence of its employees. The other class is proprietary or corporate and in the exercise thereof the city is liable for the negligence of its employees. See City of Ardmore v. Hendrix, Okl., 348 P.2d 497. There is no question as to the division of powers and the rule applicable to each. It is occasionally difficult to determine which rule shall apply to a given state of facts.

The right of a city to regulate parking of vehicles upon city streets by the use of parking meters has been sustained as an exercise of the police power delegated to the city by the state whereby the city is empowered to regulate traffic using the streets. Ex parte Duncan, 179 Okl. 355, 65 P.2d 1015, and Sherman v. City of Picher, 201 Okl. 229, 204 P.2d 535. The police power of a municipality is a governmental function.

It is obvious from the amended petition and from common experience that the lines that plaintiff was painting or repainting were placed and maintained as a reminder or direction to the public to park their vehicles within the designated areas adjacent to the parking meters. They were supplementary to the meter and described the meter zone and were no less a regulation of the use of the street than was the parking meter. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753. As such they constituted a traffic sign or signal implementing the city's parking meter ordinance.

■ In Ex parte Duncan, supra [179 Okl. 355, 65 P.2d 1017], we quoted with approval as follows:

"* * * The power to regulate the use of the streets is a delegation of the police power of the state government, and whatever reasonably tends to make regulation effective is a proper exercise of that power. * * *"

■ In City of Ardmore v. Hendrix, supra, we held the regulation of traffic is a governmental function and that a municipality, in regulating and *maintaining* traffic control signals, is performing a governmental function, not a proprietary or administrative function. See also Johnson v. City of Jackson, 194 Tenn. 20, 250 S.W. 2d 1, 33 A.L.R.2d 756.

■ It is our opinion that the defendant, acting by and through its employees, including plaintiff, was performing a governmental function in the maintenance of its parking meters and the parking lines adjacent thereto and is not liable herein.

We will now consider the citations furnished by plaintiff in support of his claim of liability on the part of defendant.

Plaintiff cites Bradshaw v. City of Seattle, 43 Wash.2d 766, 264 P.2d 265, 42 A. L.R.2d 800, for the proposition that a city

may be held liable for injuries resulting from ministerial acts relating to the improvement and maintenance of public streets, as a corporate duty. We do not interpret plaintiff's amended petition to allege the defendant was engaged in any such activity. In any event the described acts were not improvement and maintenance of the street. The painted lines were placed upon the street solely to regulate the use of the street as to traffic parking.

Plaintiff also cites City of Tulsa v. Washington, 206 Okl. 61, 241 P.2d 194; City of Oklahoma City v. Haggard, 170 Okl. 473, 41 P.2d 109 and Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822. These cases are not in point. In the Washington case the injuries were from a collision with a garbage truck while being driven from a wash rack and not while collecting garbage. In the Haggard and Foster cases the injuries were attributable to negligence in the operation of the municipal garage in not making proper repairs on the police vehicles. In the cited cases we held the described activities were of a corporate or ministerial character and that recovery would not be denied merely because the work in a general way was related to a governmental function. In the instant case the allegations of the amended petition describe injuries because of the alleged negligence of another city employee while both were engaged in the performance of a governmental function.

Finally plaintiff cites Cleary v. City of New York, City Ct., 47 N.Y.S.2d 456, and City of Austin v. Daniels (Tex.), supra. Neither of these cases are in point on the facts. Both cases approved recovery for injuries suffered when a member of the public, without warning by the city, stepped on freshly painted lines on the pavement. The Daniels case involved a freshly painted line marking an area adjacent to a parking meter. Both decisions recognized that the regulation of the traffic was a governmental function but that the city nevertheless owed the duty to maintain the street

in a reasonably safe condition. It was for violation of this latter proprietary function that recovery was approved.

The action of the lower court in sustaining a demurrer to the amended petition is affirmed.