Judith E. RAKE, Plaintiff in Error,

v.

CITY OF TULSA, A Municipal Corporation, Defendant in Error.

No. 39863.

Supreme Court of Oklahoma.

Oct. 23, 1962.

Floyd L. Walker, and Fred W. Woodson, Jr., Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., by Finis Smith, Asst. City Atty., Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This appeal concerns the matter of whether or not a city is liable for the tort of one of its employees. Plaintiff in error, hereinafter referred to as plaintiff, was a passenger in an automobile when it collided, at a Tulsa city intersection, with a panel truck belonging to said City's Fire Department, and driven by one Jackie Dean Martin, one of said Department's employees, while in the course of performing one of the duties of his position, viz., going from one of said City's fire stations, to another, inspecting and checking each's radio equipment to see that it operated properly.

When plaintiff thereafter instituted this action to recover damages against said city, hereinafter referred to as defendant, the latter filed a motion to abate the action on the ground that it was immune from liability for Martin's acts as they were performed in the course of his assigned duties in connection with the operation and maintenance of its fire department, a governmental, as distinguished from a proprietary or administrative, municipal function.

After hearing evidence introduced in support of said motion, and the response plaintiff filed thereto, the trial court sustained the motion, after findings upholding defendant's position; and entered judgment dismissing the action. After the overruling of her motion for a new trial, plaintiff perfected the present appeal.

■ In her first proposition for reversal, plaintiff urges that we should follow the precedents of the Supreme Courts of California and Florida in abolishing "governmental immunity of a municipal corporation for tort liability", citing Muskopf v. Corning Hospital District, 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457, and Hargrave v. Town of Coca Beach, (Fla.) 96 So.2d 130.

She argues along the line of some of the argument in those cases, that the doctrine of governmental immunity is a creature of court decisions, rather than legislation, and that consequently, even though the Legislature has spoken on the subject in some areas, this court is free to abandon the doctrine, in "other" areas. Such argument is not persuasive in this case, because, in the area of fire prevention, the Oklahoma Legislature has spoken and has specifically recognized, by statute, that, in said area, a municipal fire department is acting "* * * in a governmental capacity * * *." See Tit. 11 O.S.1951 and 1961, § 343. While the cited statute's express wording makes it applicable to fire prevention services "* * * outside the corporate limits of * * *" the municipality, we think it expresses a legislative intention and policy concerning, and effects an extension of a doctrine to, territory outside corporate limits, that has always prevailed within municipal boundaries in Oklahoma. In this State, specific authority is given each municipality, by statute, "* * * to provide protection from fire for all persons and property within its boundaries * * *". It is inconceivable to us that a municipal fire department would be performing a governmental function in rendering fire prevention services outside the municipality's boundaries, but would not be performing such a function by rendering the same service inside the municipal boundaries. We therefore hold that, in this State, a city's immunity from tort liability applies to it while engaged in fire protection and prevention to as great an extent as it applies to its performance of any other governmental function.

■ As her Proposition II, plaintiff asserts:

"GOVERNMENTAL IMMUNITY DOES NOT EXTEND TO TORTS ARISING OUT OF THE REPAIR AND MAINTENANCE OF A MUNICIPALLY OWNED FIRE ALARM SYSTEM."

Under this Proposition, she concedes that, in Oklahoma, it has been recognized "* *

that basically the operation of a fire department, like the Police Department, is a governmental function", but it seems to be her position that since the testimony introduced before the trial court showed that the work Martin was engaged in at the time of the accident was "routine inspection" and testing of radio equipment, the City's Fire Department uses in connection with its prevention and fighting of fires, rather than being engaged in going to, or fighting, a fire, or some other "emergency" duty, such immunity should not apply. She cites Oklahoma City v. Richardson, 180 Okl. 314, 69 P.2d 334; Oklahoma City v. Haggard, 170 Okl. 473, 41 P.2d 109, and Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822, as well as a Kansas case quoted in the latter case, with the apparent hope that considerations, such as we dealt with, and disposed of, in White v. City of Lawton, Okl., 373 P.2d 25, will impel us to reverse the trial court. In the Lawton case, the plaintiff's amended petition alleged, among other things, in substance, that he was injured while riding on one of the defendant city's trucks used in repainting lines between parking spaces, after being directed as a city employee, to assist with the repainting and marking of certain of the city's traffic meter parking spaces. In describing plaintiff's contentions, we said:

> "Plaintiff contends that the activity of repainting lines on the street between parking meter spaces is a ministerial or corporate function of defendant even though such activity relates to the performance of a governmental function and defendant is liable for the injuries to plaintiff. We understand plaintiff's position to be, that conceding the initial action of authorizing the placing of the parking meters and lines was governmental, the subsequent maintenance thereof was a ministerial or corporate activity, and defendant was liable for negligence in the performance of the latter activity."

In the quoted case, we held that the lines plaintiff was painting, or repainting, " * * were no less a regulation of the use of the street * * *" than was the operation of the defendant city's parking meters. Similarly, we here hold that, as concerns the defendant city's immunity from liability in this case, its Fire Department's radio equipment Martin was inspecting and testing, on the day of the accident, was a part of said City's fire "fighting facilities and apparatus", and defendant is protected by the rule of immunity applicable to governmental functions. In this connection, see the authorities cited in Ford v. City of Caldwell, 79 Idaho 499, 321 P.2d 589, 592.

In accord with the foregoing, the judgment of the trial court is hereby affirmed.