George W. LANE, Plaintiff in Error,

v.

CITY OF TULSA, a Municipal Corporation, Defendant in Error.

No. 40718.

Supreme Court of Oklahoma.

June 1, 1965.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., by Waldo F. Bales, Asst. City Atty., Tulsa, for defendant in error.

DAVISON, Justice.

George W. Lane (plaintiff below) appeals from the order of the lower court dismissing his action for personal injuries against City of Tulsa (defendant below). The order of dismissal was made as a consequence of the court sustaining defendant's motion to abate the plaintiff's action.

The pertinent allegations of plaintiff's amended petition are, that on August 3, 1961, there was a ditch approximately 15 inches wide and 17 inches deep extending completely across the sidewalk near the intersection of Fifth Street and Houston Avenue in the city of Tulsa; that the employees of the defendant dug the ditch and that it was left open and unguarded and without any protective device; that no warning lights, barricades or guard rails had been erected around the ditch to warn and protect and keep pedestrians using the sidewalk from falling in the ditch; that the described condition, created and maintained by the defendant, injured and endangered the comfort, health and safety of others, and particularly plaintiff, and rendered plaintiff unsecure in life; and that plaintiff had no prior knowledge of the ditch, and when walking upon the sidewalk and using due care, plaintiff fell into the ditch and was injured.

Defendant's motion to abate and dismiss the action was grounded on the proposition that the facts and circumstances surrounding the incident, upon which plaintiff's action was based, made the defense of governmental immunity from liability available to defendant, and such defense had been raised by demurrer and answer. 12 O.S.1961, Sec. 322. The motion to abate

was presented to the court on a written stipulation of evidence that would be produced by defendant in support of the motion.

A condensed statement of the stipulation is that all utilities in the general area of the proposed location of the Civic Assembly Center in Tulsa were to be relocated and that this included a fire hydrant near the northeast corner of Fifth Street and Houston Avenue; that the fire hydrant was for the protection of the public against fire damage and loss and was maintained by the Water Department for the benefit of the Fire Department; that the Water Department relocated the fire hydrant between July 5, 1961, and July 22, 1961, at a point approximately 45 feet northeasterly from its former location; that in relocating the fire hydrant a ditch, approximately 15 inches deep and 2 feet wide, was cut across the City sidewalk; and that the reason for the relocation was for the purpose of widening Fifth Street.

■ Both parties recognize that a city in the exercise of its governmental functions is not liable for the negligence of its employees but that a city in the exercise of its proprietary or corporate functions is liable for the negligence of its employees. White v. City of Lawton, Okl., 373 P.2d 25.

Plaintiff recognizes that "In Oklahoma, a city fireman, officially engaged in the maintenance of his city's fire fighting facilities and apparatus, is assisting in the performance of one of said city's governmental functions." Rake v. City of Tulsa, Okl., 376 P.2d 261.

It is obvious that, in sustaining the motion to abate, the lower court concluded the defendant was engaged in the performance of a governmental function and had immunity from liability for plaintiff's injuries. Plaintiff argues the ditch constituted a nuisance, as defined in 50 O.S. 1961, Sec. 1, and that governmental immunity does not extend to actions arising from the creation or maintenance of a nuisance by a municipality. Citing Oklahoma City v. Tytenicz, 171 Okl. 519, 43 P.2d 747.

■ We will assume the defendant was engaged in a governmental function and that the ditch was a nuisance. The plaintiff's action is to recover for personal injuries suffered because of a defect in the sidewalk. In Williams v. City of Bristow, Okl., 350 P.2d 484, 84 A.L.R.2d 501, this court stated that it is the duty of a municipality to exercise ordinary care and diligence to keep its sidewalks and streets in a reasonably safe condition, and held that its liability for personal injuries by reason of defects and obstructions therein is founded solely on negligence and not nuisance. In that decision we distinguished the case of Oklahoma City v. Tytenicz, supra, and other similar cases.

Plaintiff's contention is contrary to our conclusion in Williams v. City of Bristow, supra.

■ Plaintiff further contends that the rule of law quoted from Rake v. City of Tulsa, supra, is not applicable to the present situation. He argues in support of this contention that the relocation of the fire hydrant for the purpose of widening a city street was not maintenance of fire fighting facilities, and therefore was not the exercise of a governmental function. It is our opinion that in the present situation the merit of this argument need not be determined, for the reason that the question here to be determined is whether the City was negligent in maintaining its sidewalk which, according to the decisions of this court, is a proprietary function.

■ The plaintiff was injured by falling in the ditch while walking on the sidewalk. As stated above, it was the duty of the defendant City to exercise ordinary care and diligence to keep its sidewalk in a reasonably safe condition. (Williams v. City of Bristow, supra). A municipality is charged with such duty at all times. King v. J. E. Crosbie, Inc., 191 Okl. 525, 131 P.2d 105.

The liability of a municipality for injuries suffered by those using the public ways is based upon negligent failure to exercise ordinary care and diligence in keep-

ing the public streets and walks in a reasonably safe condition for public use in the ordinary mode of traveling. Walker v. Reeves, 204 Okl. 669, 233 P.2d 307.

In Spaur v. City of Pawhuska, 172 Okl. 285, 43 P.2d 408, we held that the maintenance of streets was a proprietary function of a city.

 And in City of Wagoner v. Black, 186 Okl. 207, 97 P.2d 21, it is stated that the obligation of a city to keep its streets in a safe condition for the passage of persons is a primary duty.

The statements as to obligations relative to streets also apply to sidewalks.

 The above authorities establish a duty and an obligation to perform that constitutes a proprietary function. Negligent performance would render the defendant City liable. Under a liberal interpretation of the amended petition of plaintiff there are allegations of a negligent performance of this duty. The question of whether the defendant exercised ordinary care and diligence in keeping the sidewalk in a reasonably safe condition is a question of fact to be determined by a jury.

 Even though it be conceded that the relocation of the fire hydrant was a governmental function, there was still the duty to maintain the sidewalk in a reasonably safe condition. In 25 Am.Jur. Highways, Sec. 358, p. 651, it is stated:

> "The rule which is supported by the weight of authority and seems to be more consistent with fundamental principles is that public liability for injuries resulting from defective streets or other public ways may be predicated upon unsafe conditions resulting from acts done by public officers in the exercise of the police power or in the performance of governmental duties, where the responsible * * * authorities are chargeable with negligence in permitting such conditions to continue, * * *"

In City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180, the city was held liable for its failure to maintain the reasonable safety of the public way, even though the unsafe condition resulted from acts done by the city in the performance of a governmental function. See also Cleary v. City of New York, City Ct., 47 N.Y.S.2d 456.

 It is our conclusion that the lower court erred in sustaining defendant's motion to abate the action.

The order of the lower court is reversed with instructions to reinstate plaintiff's action and proceed in accordance with the views herein expressed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.