Ray SWART, natural father and next friend of Elizabeth Ann Swart, and James Wendell Swart, minors, and Ray Swart, Individually, Appellants,

v.

The CITY OF VINITA, Oklahoma, a Municipal Corporation, Appellee.

No. 48455.

Supreme Court of Oklahoma.

June 22, 1976.

Larry D. Stuart, Lyons, Dean & Loll-man, Pryor, for appellants.

Ronald E. Fry, Bailey & Fry, Vinita, for appellee.

DAVISON, Justice:

This is an action by plaintiff-appellant, Ray Swart, as natural father and next of friend of Elizabeth Ann Swart and James Wendell Swart, minors and Ray Swart, individually, against the defendant-appellee, The City of Vinita, Oklahoma, a municipal corporation and against the defendants, John Harrison, Louis Harrison and J & R Equipment Company, Inc.

It is alleged that a certain trash bin, owned and used by the defendant City in the collection of trash and garbage, was located on a sidewalk adjacent to a laundromat owned and operated by the defendants, John Harrison and Louis Harrison. It is alleged that the trash bin was manufactured and sold to said City by the defendant, J & R Equipment Company, Inc.

It is alleged that the minor children had accompanied their mother to the laundromat and were playing on the sidewalk which was immediately adjacent to said laundromat and was an actual portion of the premises. It is alleged that said trash bin fell over on the minor children causing the injuries complained of in this action.

The negligence alleged in the petition was as follows: that the J & R Manufacturing Company was negligent in manufacturing equipment of faulty design, with the same being unstable and inherently dangerous and that the City purchased same knowing it was unstable and inherently dangerous and that the City failed to warn its customers; that the City and the Harrisons failed to keep the said trash bin in a reasonably safe location; that the City did not conduct the business of collecting trash, refuse and garbage in a reasonably safe manner; and that the City and the Harrisons failed to give warning or take precaution for the safety of children playing around said trash bin.

An amendment was made to the petition to allege that the defendants-Harrisons failed to keep the laundromat in a reasonably safe condition for the benefit of their patrons and customers by allowing a large trash bin, which was mounted on wheels and which should have been known to the Harrisons to be unstable, on a sidewalk immediately adjacent to one of the entrance doors to said premises. The amendment also alleged that the sidewalk sloped away from the building and that said trash bin was placed upon the sidewalk in a manner which would make said trash bin even more unstable and would allow said trash bin to roll off an approximate four inch edge of said sidewalk onto the driveway of said premises.

The appellee-City's amended answer asserts the defense that the collection and disposal of garbage by the City is a governmental function.

The appellee-City filed a motion for summary judgment on the grounds that the collection and disposal of garbage is a governmental function for which the City cannot be liable for alleged acts of negligence. The trial court sustained that motion and granted summary judgment for the City. The appeal by the plaintiff is from that order. The remaining defendants are not involved in this appeal.

Included in the record is a deposition of Barbara Ann Swart, the mother of said minors, who at the time of the accident was in the laundromat doing washing. Three of her children had accompanied her to the premises. She did not see the accident. She stated the trash bin was on the end of the sidewalk at the northwest corner of the building. She heard a scream and went out to the site of the accident and she did not notice where the trash bin was. One child was lying on the sidewalk near the west door and one was lying on the grass nearby. Later she said a daughter, who was not injured, told her that the children were swinging on the trash bin on a cross bar. The mother assumed the trash bin tipped over. She testified that it

was her belief that if the wheels on the trash bin were turned in a certain way, it would be more apt to turn over.

■ The plaintiff-appellant concedes that the collection and disposal of garbage is a governmental function. *Oklahoma City v. Baldwin*, 133 Okl. 289, 272 P. 453 (1928); *City of Purcell v. Hubbard*, Okl., 401 P.2d 488 (1965), and *Champlin Petroleum Company v. Board of County Commissioners of County of Oklahoma*, Okl., 526 P.2d 1142 (1974). The appellant correctly asserts the rule that while the City is not liable for the negligence of its employees in the exercise of a governmental function, it is liable for the negligence of its employees in the exercise of its proprietary functions. *White v. City of Lawton*, Okl., 373 P.2d 25 (1962).

■ The maintenance of streets is a proprietary function and the City is bound to keep its street reasonably safe for travel. *City of Wagoner v. Black*, 186 Okl. 207, 97 P.2d 21 (1939); *Spaur v. City of Pawhuska*, 172 Okl. 285, 43 P.2d 408 (1935).

While conceding the immunity of the City in the performance of its governmental function of collecting and disposing of garbage, the plaintiff-appellant here urges the City may be held liable for such acts where it results in its failure to exercise ordinary care and diligence in keeping and maintaining the public streets and walks in a reasonably safe condition for public use.

The appellee-City urges that such an argument is not applicable here since there is no claim made in the pleadings that the sidewalk involved here was a public sidewalk. The plainitiff's petition alleges that "the minor children were playing on the sidewalk immediately adjacent to the laundromat and which was an actual portion of the premises thereof." This would seem to indicate that the sidewalk was private property and at no place in the pleadings is there an allegation that this is a public sidewalk.

The Harrisons, owners of the laundromat, filed a motion to make more definite and certain by showing whether it were a public sidewalk asserting such information is essential in determining their duties. The trial court's order sustained that part of the motion to make more definite and certain and further found that "upon presentation of plaintiff that his position is that the sidewalk is not a public sidewalk but is a part of the business premises of the movants. Numerical paragraph No. 1 hereof is considered moot." The plaintiff made no subsequent effort to change the pleadings. It simply urges its proposition as we have stated it above. The plaintiff could not urge liability against the City on the grounds of negligence in maintaining the sidewalk without urging the same was a public sidewalk.

■ We are of the opinion that the trial court's action would have to be sustained in the absence of an allegation that this is a public sidewalk. But here it seems to us that the action of the trial court should be sustained on a broader ground.

■ We do not question that a city may be liable for negligently maintaining a street even though that negligent maintenance grows out of a governmental function. In support of this, the plaintiff cites our decision in *Lane v. City of Tulsa*, Okl., 402 P.2d 908 (1965).

In the *Lane* case, supra, the plaintiff was injured when he fell in an open trench dug across the sidewalk. The trench was open and unguarded. The defense of immunity in a governmental function was raised in that the act was done in relocating a fire hydrant line. We held there that even though the relocation of the fire hydrant was a governmental function, there was still the duty to maintain the sidewalk in a reasonably safe condition.

■ We would distinguish the facts in the instant case from the facts in the *Lane* case, supra. In the *Lane* case, there was a defect in the sidewalk from which the injury flowed. In the instant case, the alleged defect is in the trash bin. The negligence complained of here was not of an

obstruction or defect in the sidewalk. The fact that an accident might have occurred on a sidewalk does not itself imply that the sidewalk has been negligently maintained. The negligence complained of here resulting in the tipping over of the trash bin was solely in connection with the exercise by the City of the governmental function of collection and disposal of garbage.

The judgment of the trial court sustaining the City's motion for summary judgment is affirmed.

IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.