**Bill J. SHOCKEY and Marcia Shockey, Husband and Wife, Appellants,**

v.

**CITY OF OKLAHOMA CITY, State of Oklahoma, Appellee.**

**No. 54423.**

Supreme Court of Oklahoma.

July 28, 1981.

---

Kent F. Frates, Ellis & Frates, Oklahoma City, for appellants.

Walter M. Powell, Municipal Counsellor by Mary Lu T. Gordon, Asst. Municipal Counselor, Oklahoma City, for appellee.

IRWIN, Chief Justice:

The issue presented is whether the Oklahoma Political Subdivisions Tort Claims Act, 51 O.S.Supp.1978, § 151 et seq., (specifically § 155(6)[1]) bars a tort action against a municipality for fire damages sustained which allegedly resulted from an inoperable fire hydrant? We answer in the affirmative.

Appellants, after exhausting the statutory claims filing procedure pursuant to the above act, commenced proceedings in the district court, alleging, inter alia, that: a fire occurred at their home and due to the absence of water from the fire hydrant serving their area, fire fighting efforts were delayed and their home and furnishings were destroyed by fire; that the defendant municipality negligently failed to properly maintain the fire hydrant or to warn them of its non-operational and defective state; and negligently failed to provide back-up equipment in case its hydrant failed to operate properly.

The trial court found:

(1) The defendant municipality is a "political subdivision within the meaning 51 O.S.Supp.1978, § 152; and

(2) Appellants' cause of action is barred by 51 O.S.Supp.1978, § 155(6).

---

1. 51 O.S.Supp.1978, § 155(6) provides that a political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from a civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police or fire protection.

The trial court sustained appellee's demurrer and dismissed appellants' action when they elected to stand on their petition. Appellants appealed.

Appellants assert that the common law precepts of sovereign immunity may not be used as a defense in those areas where the Legislature has repealed sovereign immunity as a defense. In relating § 155(6), to the case at bar, appellants argue the fire department did timely arrive on the scene but its efforts were completely thwarted by the inoperability of the fire hydrant which was completely dry. Appellants state § 155(6) does not shield a municipality from liability for damages caused by failure of *its water service*; and that the "fire protection" shield may not be enlarged to include water service. Appellants follow this argument with their assertion that acts having to do with the operation of a water department are proprietary functions of a municipality citing *Oklahoma City v. Moore*, Okl., 491 P.2d 273 (1971).

The general rule is that the operation and maintenance of a fire department by a municipal corporation is an exercise of a governmental function so as to accord it sovereign immunity from liability when acting in such capacity. 84 A.L.R. 514. Oklahoma, by enactment of 11 O.S.1971, § 343 (now 11 O.S.Supp.1981, § 29–108) has statutorily recognized that a municipality's immunity from tort liability applies to it while engaged in fire protection and prevention. *Rake v. City of Tulsa*, Okl., 376 P.2d 261 (1962); and *Lane v. City of Tulsa*, Okl., 402 P.2d 908 (1965).

Under § 155(6) appellee is exempted from liability for failure to provide, or the method it employs in providing, fire protection. Fire hydrants, as such, are a part of the physical structure of the fire department and their maintenance, including an adequate supply of water, and their repair are incidental to the operation of the fire department. The fire hydrants were installed for the purpose of fire protection. Although appellants' damages may have resulted from a failure of the water service, supplying water to the fire hydrants was just a part of appellee's overall operation in providing fire protection. Assuming, arguendo, appellee negligently failed to employ the proper methods in checking its water service for the proper operation of its fire hydrants, § 155(6) clearly exempts it from liability.

AFFIRMED.

BARNES, V. C. J., and WILLIAMS, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

HODGES and DOOLIN, JJ., dissent.