Kenneth KELLY, Appellant,

v.

CITY OF TULSA, Appellee,

and

P.M. Dunlap, Defendant.

No. 70451.

Court of Appeals of Oklahoma,
Division No. 2.

April 24, 1990.

John S. Sharp, Jon B. Wallis, Tulsa, for appellant.

David L. Pauling, Asst. City Atty., Tulsa, for appellee.

## SUMMARY OPINION

MEANS, Judge.

Plaintiff Kenneth Kelly appeals the trial court's summary judgment in favor of de-

fendant City of Tulsa. Plaintiff brought this action for the wrongful death of his mother, Lena Mae Kelly, who was killed in a head-on collision with a vehicle driven by Rickey Raglund. At the time of the accident, Raglund was eluding police apprehension by defendant Officer P.M. Dunlap. Dunlap was dismissed as a defendant prior to judgment and is not a party to this appeal. Having reviewed the record and applicable law, we affirm.

The issue presented in this case is whether the duty of due care imposed by Oklahoma's emergency vehicle statutes, 47 O.S. 1981 §§ 11–106 and –405, extends to the decision by a police officer to initiate or to continue police pursuit. Section 11–106 provides that:

(a) The driver of an authorized emergency vehicle ... when in the pursuit of an actual or suspected violator of the law ... may exercise the privilege set forth in this section, but subject to the conditions herein stated.

(b) The driver of an authorized emergency vehicle may:

1. Park, or stand, irrespective of the provisions of this chapter;

2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

3. Exceed the maximum speed limits so long as he does not endanger life or property;

4. Disregard regulations governing direction of movement or turning in specified directions.

(c) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible and visual signals meeting the requirements of Section 12–218 of this act...

(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

Section 11–405 provides that:

(a) Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals ... the driver of every other vehicle shall yield the right-of-way ... (b) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.

The facts concerning the accident are undisputed. At 9:45 p.m. on January 11, 1985, Dunlap was southbound on Peoria Avenue in Tulsa. The posted speed limit was forty miles per hour. The weather was clear and dry.

Dunlap stopped for a red light at 46th Street North. As he waited for the light to change, Raglund's vehicle screeched to a stop in the next lane. Dunlap observed that Raglund's headlights were not on and that Raglund appeared to be either intoxicated or sleepy.

A third vehicle then pulled up behind Raglund's. When the light turned green, Raglund did not proceed immediately into the intersection but waited for several seconds. The third vehicle followed Raglund's into the intersection, making it impossible for Dunlap to follow immediately behind Raglund. When Dunlap was finally able to get behind Raglund's vehicle, he signaled Raglund with a progression of signals culminating in a continuous siren and flashing lights. Raglund did not stop; instead, after Dunlap had followed Raglund for one block with the siren and lights, Raglund accelerated.

Dunlap pursued Raglund for approximately one minute, for a distance of one-and-one-quarter miles and a speed estimated at sixty to sixty-five miles per hour. During the pursuit, only two other vehicles were on the roadway. Officer M. Little had stopped his vehicle to make an arrest at 38th Street North and Peoria and saw the Raglund and Dunlap vehicles pass by. Raglund swerved to miss Little's police car. Six blocks later, Raglund encountered a second southbound vehicle. He struck the rear of this automobile, lost control of his vehicle, swerved into the northbound lanes, and collided with Mrs. Kelly's automobile.

Dunlap's vehicle was not involved in the accident.

Plaintiff brought this action against City and Dunlap, alleging that the accident was caused by City's failure to properly train and supervise Dunlap, and by Dunlap's negligence in failing to comply with policies and procedures regarding pursuit and in operating his vehicle with reckless disregard and want of due care for the safety of Mrs. Kelly. City denied negligence and alleged that the sole proximate cause of the accident was Raglund's negligence. Dunlap was dismissed from the action at this point.

City moved for summary judgment on the grounds that the uncontroverted facts negated any tort liability as a matter of law, and that police training and pursuit policies were discretionary conduct judgments immune from liability by operation of the Political Subdivision Tort Claims Act, 51 O.S.Supp.1984 §§ 151 *et seq.* The trial court sustained City's motion upon the sole finding that the due care requirement imposed by 47 O.S.1981 §§ 11–106 and –405 does not apply to an officer's decision to pursue a law violator. From this judgment, Plaintiff appeals.

■ On appeal of a grant of summary judgment, this court will examine the pleadings and evidentiary materials of record. Summary judgment is appropriate when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law. *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okla.1984).

■ Plaintiff's sole theory advanced on appeal is that the emergency vehicle statutes create a duty to act with due care for the safety of others "beyond the actual physical control of the emergency vehicle to all reasonably foreseeable consequences of its operation." He argues that this duty "encompasses the decision whether it is appropriate to engage in a high speed pursuit as well as the decision to continue or terminate the pursuit." He concludes that the question of whether Dunlap's pursuit was conducted with due care is a question

of fact for a jury, thus rendering summary judgment inappropriate.

We find that the trial court did not err in granting summary judgment to City as a matter of law. First, we find that the duty of due care created by the emergency vehicle statutes applies only to the operation of the emergency vehicle itself. The statutes exempt emergency drivers from certain operational "rules of the road", such as obedience to speed limits, parking restrictions and stop signals. The statutes recognize the public necessity for a fire, ambulance, or police vehicle in an emergency situation to be *driven* unhindered by the traffic rules governing ordinary vehicles.

Plaintiff's theory of negligence is not based on the *operation* of an emergency vehicle. Raglund did not accelerate because an emergency vehicle was being *driven* in an exempt manner. If a fire engine or ambulance had been speeding or running stop signals, he would likely have moved out of the way as required by law. Raglund accelerated because a police officer was signaling him to stop. Plaintiff's real objection is to Dunlap's decision to initiate and continue police pursuit. This is not the consideration addressed by sections 11–106 and –405. The duty imposed therein therefore cannot be the basis for the City's liability for negligence absent evidence that the emergency vehicle itself was being driven in an unsafe manner.

The majority of jurisdictions which have considered the duty imposed by similar statutes have reached the same conclusion. In *Thornton v. Shore*, 233 Kan. 737, 666 P.2d 655 (1983), the Kansas Supreme Court discussed several cases in which a pursued vehicle collided with a third party's vehicle and concluded that the due care requirement applied:

only to the police officer's physical operation of his own vehicle and not to the *decision* to chase or *continue to chase* a law violator. If the officer is in compliance with the statute in the operation of his own vehicle, he is entitled to the privileges and immunities afforded by the statute and is not vicariously liable or responsible for the reckless or negligent

acts of the law violator he is pursuing. The officer is not the insurer of the fleeing law violator. The officer in such circumstances has breached no duty owed to persons injured by the fleeing violator's own negligence or wanton conduct and, accordingly, as a matter of law the officer has not committed a tort upon such injured persons....

*Id.,* 666 P.2d at 668.

 Second, we find that the officer's pursuit in this case was not, as a matter of law, the proximate cause of the accident. Where the facts of a case are undisputed, the issue of proximate cause is a question for the court. *Pepsi–Cola Bottling Co. v. Von Brady,* 386 P.2d 993, 996 (Okla.1964). Again, the majority of jurisdictions addressing this issue refuse to impose liability on the officer for the independent acts of a law offender. *Dent v. City of Dallas,* 729 S.W.2d 114, 116 (Tex.Ct.App.—Dallas 1986, writ ref. n.r.e.), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); *see United States v. Hutchins,* 268 F.2d 69, 72 (6th Cir.1959). The law allows police pursuit of fleeing violators as a matter of public policy; the benefit of apprehending these individuals outweighs the ordinary risks inherently involved in such pursuit. *Thornton,* 666 P.2d at 659. Unlike the cases relied upon by Plaintiff, the undisputed facts in this case show that Dunlap's pursuit was not so extreme or outrageous as to pose a higher threat to public safety than ordinarily incident to high-speed police pursuit. As such, we hold as a matter of law that under these facts and circumstances the pursuit did not create a condition for which liability may be imposed. *See DeWald v. State,* 719 P.2d 643, 650 (Wyo. 1986).

The judgment of the trial court is affirmed.

RAPP, P.J., and BACON, J., concur.