Stella Mae KISH, Appellant,

v.

The CITY OF OKLAHOMA CITY, Appellee.

No. 79252.

Court of Appeals of Oklahoma, Division No. 3.

June 22, 1993.

Certiorari Denied Sept. 13, 1993.

Michael Gassaway, Oklahoma City, for appellant.

Richard N. Mann, Asst. Mun. Counselor, Oklahoma City, for appellee.

## OPINION

BAILEY, Presiding Judge:

Stella Mae Kish (Kish) seeks review of the Trial Court's order dismissing Kish's negligence action against the City of Oklahoma City (City) with prejudice as barred by the Oklahoma Governmental Tort Claims Act (the Act).[1] In this appeal, Kish asserts the Trial Court erred in finding City immune from liability as a matter of law.

In August 1991, a fire broke out at an apartment complex where Kish was staying. The City Fire Department responded. While fighting the fire, the pump disengaged on a reserve fire truck operated by a City firefighter, putting the truck into gear and causing the truck to lurch forward. The fire truck hit Kish's vehicle, forcing Kish's vehicle into another, crushing Kish.

Kish subsequently commenced the instant negligence action against City and the firefighter operating the truck seeking recovery for her injuries.[2] City moved to dismiss, and after minimal discovery, the Trial Court granted City's motion to dismiss, holding City immune from liability under § 155(6) of the Act. Kish appeals.

In 1983, the Oklahoma Supreme Court abrogated the doctrine of governmental immunity,[3] bringing Oklahoma in conformity with the prevailing, and more equitable, view.[4] Thus, and as noted by the Kansas Supreme Court in construing a tort claims act similar to that of Oklahoma, governmental liability in tort is now the rule, immunity the exception.[5]

The Oklahoma Supreme Court's abolition of the doctrine of governmental immunity left the Oklahoma Legislature free to regulate the extent of governmental tort liability.[6] The Oklahoma Legislature thus enacted the Governmental Tort Claims Act "generally waiving immunity and removing the cloak protecting public funds from tort claim liability,"[7] and imposing liability on governmental units for "torts committed within the scope of employment where private persons or entities would be liable under the laws of this state," but limiting or excepting a governmental unit from tort liability in certain specific areas.[8]

In that regard, section 155(6) of the Act grants immunity from liability to the State and political subdivisions thereof for loss resulting from the method of providing fire protection, and we find only one Oklahoma decision construing § 155(6).[9] In that case, plaintiffs sought recovery against City for destruction of their home by fire when City's efforts to fight the fire were thwarted by an empty fire hydrant. While initially recognizing the general rule holding a municipality immune from tort liability "while engaged in fire protection and prevention,"[10] the Oklahoma Supreme Court *specifically* found City immune from liability under § 155(6), holding fire hydrants constitute an integral part of the physical

1. 51 O.S.1991 § 151 et seq.

2. Kish dismissed without prejudice her action against the individual firefighter.

3. *Vanderpool v. State,* 672 P.2d 1153 (Okl.1983).

4. *Nguyen v. State,* 788 P.2d 962, 964 (Okl.1990).

5. *Jackson v. City of Kansas City,* 680 P.2d 877 (Kan.1984); *Fudge v. City of Kansas City,* 239 Kan. 369, 720 P.2d 1093 (1986).

6. *Nguyen,* 788 P.2d at 964.

7. *Nguyen,* 788 P.2d at 964.

8. *Nguyen,* 788 P.2d at 964; 51 O.S.1991 § 153.

9. *Shockey v. City of Oklahoma City,* 632 P.2d 406 (Okl.1981).

10. Although the *Shockey* Court cited two pre-Act cases, *Rake v. City of Tulsa,* 376 P.2d 261 (Okl. 1962), and *Lane v. City of Tulsa,* 402 P.2d 908 (Okl.1965), relied on by City, we find these two cases inapplicable to the present case in view of the Supreme Court's pronouncements in *Nguyen v. State,* 788 P.2d 962 (Okl.1990), *infra.*

structure of the fire department and incidental to the operation of the fire department's overall scheme of providing fire protection.[11]

In the present case, Kish alleged negligence of City and one of its firefighters in utilizing and operating a malfunctioning, ill-equipped reserve fire truck and allowing the truck to lurch forward, crushing two vehicles and Kish, thus stating a tort claim against City. The burden then shifted to City to establish immunity under one or more of the exceptions provided by the Act,[12] and City alleged immunity under the exception to liability contained in § 155(6), affording governmental units/subdivisions immunity from tort liability where the loss or claim results from "the failure to provide, or the method of providing police, law enforcement or fire protection." [13]

■ Such statutory exceptions should be strictly construed to the end that the exception does not "devour" the general policy which the law, in this case the Act, embodies.[14] While the Oklahoma Supreme Court held § 155(6) immunized City from liability for loss resulting from an empty fire hydrant,[15] other jurisdictions have refused to apply this exception where loss resulted from, e.g., fire trucks colliding en route to a fire,[16] failure of police officers to arrest a drunk driver,[17] and specific negligence in providing or technique of providing fire fighting.[18] Still other jurisdictions recognize limited governmental liability for loss arising from the method of providing fire protection.[19]

■ Our review of this case does not require us at this juncture to decide the precise nature, scope and extent of the exception raised by City, and we decline to extend the claimed exception as requested by City on the limited facts before us. Rather, we must determine whether the Trial Court erred in granting City's motion to dismiss. In that regard, this Court will view the pleadings in the light most favorable to the non-moving party,[20] keeping in mind a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[21]

In the present case, and as noted, Kish alleged City used a reserve fire truck which City knew was ill-equipped and malfunctioning, and that a firefighter was operating the truck when its pump disengaged, causing the truck to slip into gear and lurch forward, with resulting injuries to Kish. City answered, claiming in addition to the raised exception, cause of the injury attributable to manufacturer's product's defect or breach of warranty. However, in City's answer to interrogatories, City denied any mechanical difficulties with or previous malfunctions by the truck in question.

Viewing the pleadings in the light most favorable to Kish, we cannot say, at this

11. *Shockey,* 632 P.2d at 408.

12. *See Jackson,* 680 P.2d at 886.

13. 51 O.S.1991 § 155(6).

14. *Edward B. Marks Music Corp. v. Colorado Magnetics, Inc.,* 497 F.2d 285 (10th Cir.1974), cert. denied, 419 U.S. 1120, 95 S.Ct. 801, 42 L.Ed.2d 819.

15. *Shockey,* 632 P.2d at 408.

16. *Jackson v. City of Kansas City,* 680 P.2d at 877.

17. *Fudge v. City of Kansas City,* 720 P.2d at 1093; *Watson v. City of Kansas City,* 857 F.2d 690 (10th Cir.1988).

18. *See, e.g., Jones v. City of St. Maries,* 727 P.2d 1161 (Ind.1986); *Genzer v. City of Mission,* 666 S.W.2d 116 (Tex.1985); *City of Gadsden v. Brannon,* 581 So.2d 1106 (Ala.App.1991); *Invest Cast Inc. v. City of Blaine,* 471 N.W.2d 368 (Minn. App.1991); *Industrial Risk Insurors v. New Orleans,* 735 F.Supp. 200 (La.1990).

19. *See, e.g., Cyran v. Town of Ware,* 597 N.E.2d 1352 (Mass.1992).

20. *White v. Wint,* 638 P.2d 1109 (Okl.1981).

21. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A J. Moore & J. Lucas, Moore's Federal Practice 2271–74 (2d ed. 1984). *Accord, Frazier v. Bryan Hospital Authority,* 775 P.2d 281, 287 (Okl.1989). See also, *Gay v. Akin,* 766 P.2d 985, 990 (Okl.1988); *Curlee v. Norman,* 774 P.2d 481, 483 (Okl.App.1989).

point in the litigation, that beyond doubt Kish can prove no set of facts in support of her claim entitling her to relief. Stated otherwise, from the limited record tendered for our review, we refuse at this juncture in the proceedings to hold as a matter of law that City's claimed exception to liability under the Act for its "method of providing fire protection" stands as a complete bar to Kish's action. We therefore hold the Trial Court erred in dismissing Kish's cause of action with prejudice.

The order of the Trial Court is therefore REVERSED and the cause REMANDED for further proceedings.

HANSEN, C.J., and HUNTER, J., concur.