Amy TAYLOR, Appellant,

v.

CITY OF OKLAHOMA CITY, Appellee.

No. 85880.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 24, 1995.

Rehearing Denied Dec. 26, 1995.

Certiorari Denied April 3, 1996.

Jeff R. Laird, Jr., Laird, Mattax, Hill & Harrington, Oklahoma City, for Appellant.

Susan K. Noland, Assistant Municipal Counselor, Oklahoma City, for Appellee.

*OPINION*

GOODMAN, Presiding Judge.

This appeal has been assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A)(1)(b), 12 O.S.Supp. 1994, ch. 15, app. 2, after the trial court dismissed the plaintiff's action for injuries she sustained as a result of the alleged negligent operation of a City emergency vehicle. The trial court found the action barred by

the Governmental Tort Claims Act.[1] Based upon our review of the record and applicable law, we reverse and remand for further proceedings.

## I

Plaintiff/appellant Amy Taylor was a passenger in an automobile traveling southbound in the left lane of MacArthur Boulevard in Oklahoma City, Oklahoma, when the driver noticed the flashing lights of an emergency vehicle approaching from the rear in the same lane. As the driver attempted to pull into the right lane and stop to allow the police car to pass, the police car also moved into the right lane, striking Taylor's vehicle in the rear, and injuring her.

Taylor's claim for damages against the City was denied. She filed a petition alleging she had sustained injuries and incurred expenses due to the negligence of the City's employee who was acting within the scope of his employment at the time of the collision.

The City responded with a motion to dismiss Taylor's action pursuant to 12 O.S.1991 § 2012(B)(6), for failure to state a claim upon which relief can be granted. The City claimed immunity under § 155(6) of the Governmental Tort Claims Act, which affords governmental units or subdivisions immunity from tort liability where the loss or claim results from "the failure to provide, or the method of providing, police, law enforcement or fire protection." Because the officer was responding to an emergency within the scope of his employment, the City claimed it was not liable for "the method of providing police [and] law enforcement."

Taylor's response alleged that, at the time of the collision, the officer was operating his vehicle in violation of the duty of care imposed by Oklahoma's emergency vehicle statutes, 47 O.S.1991 §§ 11–106, and 11–405. Section 11–106 provides that:

(a) The driver of an authorized emergency vehicle, *when responding to an emergency call* or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privilege set forth in this section, but subject to the conditions herein stated.

(b) The driver of an authorized emergency vehicle may:

1. Park, or stand, irrespective of the provisions of this chapter;

2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

3. Exceed the maximum speed limits so long *as he does not endanger life or property;*

4. Disregard regulations governing direction of movement or turning in specified directions.

(c) The exemptions herein granted to an authorized emergency vehicle shall apply *only when such vehicle is making use of audible and visual signals* meeting the requirements of section 12–218 of this act, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.

(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the *duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.* (Emphasis added.)

Section 11–405 provides that:

(a) Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals meeting the requirements of section 12–218 of this act, or of a police vehicle properly and lawfully making use of an audible signal only, *the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed,* except when otherwise directed by a police officer. (b) This section *shall not operate to relieve the driver of an autho-*

---

**1.** Title 51 O.S.1991 and Supp.1994 §§ 151 through 172.

*rized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.* (Emphasis added.)

Taylor attached an affidavit stating that (1) when her driver saw "the emergency lights of the vehicle behind him he immediately pulled to the right and began to stop so as to allow the emergency vehicle clearance" and thus complied with § 11–405; and (2) "at no time before, during or after the collision did she hear the emergency siren from the police vehicle"—an alleged violation of § 11–106. She also attached the official traffic report declaring her driver had committed "[n]o improper action," but the officer had failed "to use due caution under code three run [officer needs assistance]."

The City did not file a reply.

On June 6, 1995, the trial court granted the City's motion to dismiss, and later denied Taylor's motion for new trial. She appeals.

## II

Taylor's response to the City's dismissal motion presented "matters outside the pleading" in the form of documentary exhibits which were "not excluded by the court." Section 2012(B)(10). In such instances, the proceeding "shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment." *Id.* The court may grant summary judgment when there are no disputed issues of material fact, and one party is entitled to judgment as a matter of law. District Court Rule 13(e), 12 O.S.Supp.1994, ch. 2, app.; *Flanders v. Crane Co.,* 693 P.2d 602 (Okla.1984). Summary judgment may be granted to a party "whether or not he is the moving party." District Court Rule 13(e).

The City relies on *Shockey v. City of Oklahoma City,* 632 P.2d 406 (Okla.1981), for the conclusion it is immune from liability for loss resulting from the "method" of providing police protection. The plaintiffs in *Shockey* suffered loss when their home was destroyed after City fire fighters' efforts were delayed "due to the absence of water from the fire

hydrant serving their area." *Id.* at 407. The court held that the City was immune under § 155(6) because the City's failure to employ proper methods of checking the hydrants was merely "incidental to the operation of the fire department" which is a recognized and protected governmental function. *Id.* at 408.

We hold *Shockey* is not applicable. First of all, a municipality's immunity from tort liability while engaged in fire protection and prevention is independently established by statute. *See* 11 O.S.1991 § 29–108, which states in relevant part:

Said municipality shall not be liable in damages for any act of commission, omission, or negligence while answering or returning from any fire or reported fire or doing or performing any fire prevention work or rescue, resuscitation, first aid, inspection or any other official work.

Second, *Shockey* predates *Vanderpool v. State,* 672 P.2d 1153 (Okla.1983), which specifically abrogated the protective cloak of immunity from liability for governmental, as opposed to proprietary, functions of government. The exceptions to liability are now exclusively enumerated in § 155.

"[S]tatutory exceptions should be strictly construed to the end that the exception does not 'devour' the general policy which the law, in this case the Act, embodies." *Kish v. City of Oklahoma City,* 859 P.2d 1131, 1133 (Okla. Ct.App.1993). Strictly construing § 155(6), we cannot say that the undisputed facts of this case involve a "method of providing police protection [or] law enforcement." Statutory exceptions such as § 155(6) contemplate decisions regarding such matters as the number and type of police cars considered necessary for the operation of city police departments, where such patrol cars are to operate, and how law enforcement officials are trained and equipped. *See Jackson v. City of Kansas City,* 235 Kan. 278, 680 P.2d 877 (1984).

While the Act provides immunity from liability for the *method* of providing police protection, the *operation* of emergency vehicles is governed by the Oklahoma Highway Safety Code, specifically 47 O.S.1991 §§ 11–106 and 11–405, *supra.* The "duty of

due care created by the emergency vehicle statutes applies only to the operation of the emergency vehicle itself [and] cannot be the basis for the City's liability for negligence *absent evidence that the emergency vehicle itself was being driven in an unsafe manner.*" *Kelly v. City of Tulsa,* 791 P.2d 826, 828 (Okla.Ct.App.1990) (emphasis added).

In light of the explicit language in §§ 11-106 and 11-405, we hold that the physical operation of an emergency vehicle when responding to an emergency call does not constitute a *method* of providing police protection. Although responding to an emergency call does certainly allow the responding officer to disregard many of the traffic ordinances and laws as a matter of public policy, when the responding officer fails to obey the duty of care specifically set out in the emergency vehicle statutes, citizens who are injured as a result must not be left without a remedy. As a result, § 155(6) does not protect the City from liability for the alleged torts of its employee.

The trial court erred as a matter of law in dismissing Taylor's petition. We further hold that the matter should have proceeded under the rules of summary judgment, and that plaintiff Taylor has produced sufficient documentation to present a prima facie case in support of her claim that the City employee's negligent operation of his vehicle violated the statutory duty of care imposed on emergency vehicles responding to an emergency call. Inasmuch as the City did not controvert Taylor's undisputed predicatory facts, any material facts contained therein are "deemed admitted" if supported by admissible evidence. *Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682 (Okla.Ct.App.1987). However, the trial court's order was entered prior to the expiration of the City's fifteen-day period in which to controvert Taylor's response with supporting evidence. The order is therefore reversed and the matter is remanded with directions to proceed in compliance with the rules of summary judgment. *See Evans v. Bridgestone–Firestone, Inc. d/b/a Firestone Tire & Rubber Co.,* 904 P.2d 156 (Okla.Ct.App.1995).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, V.C.J., and STUBBLEFIELD, J., concur.