1999 OK CIV APP 9

**Frank VAUGHN, Sidney Johnson, and John Green, Plaintiffs/Appellants,**

v.

**CITY OF TULSA, Defendant/Appellee,**

and

**Previn Dieon Jackson; John D. West, Darrice T. Carr, Gerard H. Stege, and David E. Ford, individually, and as agents, servants and employees of the City of Tulsa; and United States Fidelity And Guarantee Company, Defendants.**

**No. 91,766.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 29, 1998.

---

John M. Sutton, Jonathan M. Sutton & Assoc., Tulsa, Oklahoma, For Plaintiffs/Appellants,

Larry V. Simmons, Asst. City Attorney, Tulsa, Oklahoma, For Defendant/Appellant.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶1 City of Tulsa Police Officers arrested Previn D. Jackson, handcuffed him and placed him in a police car, with the ignition running. The officers were outside of the car talking when Jackson managed to slide his hands underneath himself, unlatch his seatbelt and drive the police car away. In his escape attempt, he drove the police car into a vehicle occupied by Plaintiffs. Plaintiffs sued for damages. City of Tulsa moved for summary judgment which the court granted.[1] We affirm.

¶2 The facts are not in dispute. The question on review is whether City of Tulsa was entitled to summary judgment as a matter of law. Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics*, 1995 OK 21, 891 P.2d 1262.

¶3 Tulsa stated three alternative legal grounds in support of its motion. We find that Tulsa was exempt from liability pursuant to the Governmental Tort Claims Act, 51 O.S. Supp.1994 § 155(6), and consequently decline to address the other two legal grounds.[2]

¶4 Pursuant to the Governmental Tort Claims Act, 51 O.S. Supp.1994 § 155(6):

The state or a political subdivision shall not be liable if a loss or claim results from:

\* \* \*

6. Civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection;

¶5 The Oklahoma Supreme Court construed § 155(6) in *Schmidt v. Grady County*, 1997 OK 92, 943 P.2d 595. In that case, the plaintiff was taken into custody "to protect her from harming herself or others and from being harmed by others." *Id.* at ¶2. The *Schmidt* court held that:

The deputy sheriff was acting as a police officer in relation to the plaintiff. The deputy was providing police protection to the plaintiff and the public when she jumped or fell from the patrol car. Thus, any injury suffered by the plaintiff was a result of the County's method of providing police protection making the County immune from suit.

¶6 The *Schmidt* court also relied on *Shockey v. City of Oklahoma City*, 1981 OK 94, 632 P.2d 406. In that case, the city asserted immunity under § 155(6) to a claim

---

1. The court made a specific finding pursuant to 12 O.S. Supp.1995 § 994 that there was no just reason to delay entry of final judgment in favor of City of Tulsa.

2. Alternatively, Tulsa asserted that (1) it had no duty to protect plaintiffs from the action of a third person, and (2) it was exempt from liability pursuant to 51 O.S. Supp.1994 § 155(24), torts committed by a prisoner escaping from a correctional center.

of negligently maintaining the fire hydrant system, failing to warn of the defective system, and failing to provide back-up equipment in case the hydrant failed. The plaintiffs' home and furnishings were destroyed by fire. The Supreme Court held that the losses resulted from the city's method of providing fire protection, and thus the city was exempt under § 155(6).

¶ 7 *Shockey* is analogous to the case at hand. The *Shockey* plaintiff, while suffering damage from a third party, claimed the damages were increased by the failure of the city to supply proper fire or police protection. The provision of water to a fire hydrant was held essential to fire protection.

¶ 8 We hold that because the facts in this case show that Jackson's attempted escape from custody was alleged to be a result of the method of providing law enforcement protection, § 155(6) exempts Tulsa from liability for damages suffered by an innocent third party who is injured by the escaping arrestee.

¶ 9 The trial court properly granted summary judgment in favor of the City of Tulsa.

AFFIRMED.

HANSEN, J., and ADAMS, J., concur.